IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10701
Summary Calendar
_____

ROBERT LEE HENDERSON,

Plaintiff-Appellant,

versus

DALLAS POLICE DEPARTMENT; ET AL.,

Defendants,

DALLAS POLICE DEPARTMENT; RICHARD HUDSON,
Ricky; JOHN T. MEANS; PAUL A. DEMAAGD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1769-P
--------------------
March 26, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Robert Lee Henderson appeals the district court's dismissal

of his 42 U.S.C. § 1983 complaint.  Henderson's motion for leave

to supplement the record on appeal is DENIED.

Henderson's contentions that the district court denied his

motion to add the City of Dallas as a party defendant, determined

that service of process on the City of Dallas was insufficient,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and denied discovery are frivolous. Henderson has abandoned any challenge to the dismissal of his complaint against the unserved defendants by failing to brief the issue sufficiently. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Henderson challenges the district court's determination that Officer Demaagd and Officer Means were entitled to qualified immunity on his false arrest claims. The district court did not err in determining that Demaagd and Means acted with objective reasonableness on information provided by another officer. *See Bennett v. City of Grand Prairie*, 883 F.2d 400, 410 (5th Cir. 1989). Henderson did not establish that Means was liable for his supervisory role. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Henderson does not identify a policy or custom related to the alleged violation of his constitutional rights, and he does not establish an actionable violation attributable to the individual defendants. Accordingly, the district court properly dismissed his claims against the City of Dallas. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999).

The district court did not err in denying Henderson's motion for summary judgment. *See* Fed. R. Civ. P. 56(c). Henderson has failed to brief sufficiently his claims concerning the following issues: false imprisonment and malicious prosecution, the Texas concealed handgun law; the failure to provide *Miranda v. Arizona*, 384 U.S. 436 (1966), warnings; the acceptance of hearsay; the expungement of his record; the denial of his motions; and the

weight afforded to Pamela Scott's affidavit.  Accordingly, he has abandoned these issues.  *See Cinel*, 15 F.3d at 1345.  The judgment of the district court is affirmed.

AFFIRMED; MOTION DENIED.